UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BARBARA JACKSON | CIVIL ACTION NO. 13-2247 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PITTRE WALKER, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Request for Reconsideration" (Record Document 34) filed by *pro se* plaintiff Barbara Jackson ("Jackson"). The request will be construed as an appeal from Magistrate Judge Hornsby's Memorandum Order of March 7, 2014, wherein Jackson's Motion to Supplement Complaint was denied. See Record Document 33.[1]

In his March 2014 order, the Magistrate Judge denied Jackson's request to supplement, stating:

> Plaintiff has now presented a Motion to Supplement Complaint (Doc. 32) by which she proposes to replace her prior complaints with a 101-paragraph submission that is similar to the earlier pleadings in style and difficulty to understand. Plaintiff would also add four new defendants. There has not been a deadline set to amend pleadings, and the court is ordinarily permissive in allowing amendments before such a deadline passes. In this case, however, Plaintiff has already had ample opportunity over several months to amend her complaint and set forth her best case. Her recent submission is another rambling and difficult to decipher pleading that promotes little confidence that Plaintiff could ever prevail on the merits of a

---

[1] In the Memorandum Order, Magistrate Judge Hornsby also dismissed Jackson's claims against Colonia Insurance Company ("Colonia"). See Record Document 33 at 3. The Magistrate Judge set a February 3, 2014 deadline for Jackson to file evidence of service on Colonia. See id. The deadline passed, and there was no evidence of service filed. See id. Thus, Magistrate Judge Hornsby dismissed Jackson's claims against Colonia. See id.
It does not appear that Jackson appeals this portion of Magistrate Judge Hornsby's Memorandum Order, as she stated in her "Request for Reconsideration" that she "reconsidered enjoining the Housing Authority's insurance company, Colonia. Thus, Colonia was not served." Record Document 34 at 16.

> legally cognizable claim. Even if Plaintiff could show improprieties in the management of the affairs of the housing owners, agencies, and other defendants, that does not necessarily mean Plaintiff has standing to sue them or a claim for damages under a theory of law. The addition of even more new defendants, including the City of Shreveport, would subject the taxpayers and others to the burdensome expense of litigating claims that have no adequate indication of merit. Plaintiff has not demonstrated that any of her proposed amendments are needed to support her original attempts at stating claims, and her attempt to set forth claims against the proposed new defendants appears *futile*. Under these circumstances, the court finds that it is warranted in ordering that the Motion to Supplement Complaint (Doc. 32) is denied.

Id. at 2-3 (emphasis added). Jackson argues that Magistrate Judge Hornsby's actions were unfair, unconstitutional, unacceptable, and derogatory. See Record Document 34. She further argues that Magistrate Judge Hornsby incorrectly decided her motion as a Rule 15(a) motion to amend rather than a Rule 15(d) motion to supplement. See id. at 15-16.

The decision by a magistrate judge regarding a Rule 15 motion is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's Memorandum Order is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992).

Much of Jackson's "Request for Reconsideration" focuses on her argument that Magistrate Judge Hornsby decided her motion as a motion to amend rather than a motion to supplement. This argument fails, as "the standard under Rule 15(d) is essentially the same as that under 15(a)." Micron Tech., Inc. v. Rambus Inc., 409 F. Supp. 2d 552, 558

(D. Del. 2006). Under the standard, leave should be freely given, in the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, ***futility of amendment***, etc. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962) (emphasis added). This Court has reviewed the applicable law, Jackson's submissions, and Magistrate Hornsby's Memorandum Order and now concurs that Jackson's attempt to set forth new claims against new defendants is futile. Like Magistrate Judge Hornsby, the undersigned does not believe that Jackson has shown that her proposed supplemental complaint is needed to support her original attempt at stating her claims. Thus, Magistrate Judge Hornsby's Memorandum Order is neither clearly erroneous nor contrary to law.

Accordingly,

**IT IS ORDERED** that Jackson's "Request for Reconsideration" (Record Document 34) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of May, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE