UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BARBARA JACKSON                                              CIVIL ACTION NO. 13-2247

VERSUS                                                            JUDGE S. MAURICE HICKS, JR.

PITTRE WALKER, ET AL.                                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Defendant Housing Authority of the City of Shreveport's ("the Housing Authority") Motion for Summary Judgment (Record Document 38). The Housing Authority seeks dismissal of Plaintiff Barbara Jackson's ("Jackson") numerous claims on the grounds that she has failed to create a genuine issue of material fact as to any of her claims. See id. For the reasons which follow, the Housing Authority's Motion for Summary Judgment is **GRANTED**, and all of Jackson's claims against the Housing Authority are **DISMISSED WITH PREJUDICE**.

**FACTUAL BACKGROUND**

Jackson is a Hurricane Katrina evacuee. See Record Document 6 (Amended Complaint) at ¶ 1. No later than September 2008, Jackson was living in Shreveport, Louisiana. See id. at ¶ 4. Jackson alleges that she was employed, or "led . . . to believe she was employed," with Lake Bethlehem Baptist Church ("LBBC"). Id. at ¶4. Reverend Dennis Everett, Sr. ("Rev. Everett") is the pastor of LBBC.

Jackson alleged she was "induced" by Rev. Everett to move into a house on Mattie Street in Shreveport, Louisiana. Id. at ¶ 23. She believed this house was for evacuees. Jackson was told she would begin paying $600 monthly rent after six months, with the first six months being rent free. See id. Jackson alleges that though

her employment with the LBBC went well for a short time, her relationship with the church, the pastor, and its members soon soured, despite her hard work in the course of her employment. See id. at ¶¶ 23-25. Jackson outlines the souring of this relationship, along with numerous allegations of misdeeds by all of the named defendants.[1] See id.

Jackson consistently maintains that if she had known that housing funds from the Federal Emergency Management Agency ("FEMA") and the Department of Housing and Urban Development ("HUD") were potentially available to her through either the Disaster Housing Assistance Program ("DHAP") or the specific Katrina Housing Disaster Assistance Program ("KDHAP"), she would have taken advantage of these programs such that she could move out of Shreveport to a place where she had more family and friends. See id. at ¶¶ 1-13, 31. However, Jackson contends that she was unaware of these programs because of the failure of the Housing Authority and other defendants to notify her of such programs. See id.

Jackson filed the instant suit on July 8, 2013. See Record Document 1. She then amended her complaint on October 4, 2013. See Record Document 6. Jackson brought her action "pursuant to the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3617, et seq." Id. at ¶ 14. Among numerous other allegations of misconduct, Jackson appears to allege that the Housing Authority violated her civil rights by its failure to inform her of federal aid programs.

---

[1] The named defendants include Pittre Walker, Rev. Everett, Derrick Thomas, Herman Washington, Lake Community Development Corporation, the Housing Authority, and Colonia Insurance. See Record Document 6. Jackson is self-represented and her Amended Complaint is somewhat difficult to understand. Because the motion now before the Court was filed by the Housing Authority, the Court will focus on the factual allegations made against that single defendant.

The Housing Authority filed a Rule 56 Motion for Summary Judgment on the basis that Jackson has failed to create a genuine issue of material fact as to her claims. See Record Document 38. Jackson opposed the motion, and the Housing Authority filed a reply. See Record Documents 40 & 41.

## LAW AND ANALYSIS

**I.      Rule 56 Standard.**

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. This rule provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). Also, "a party asserting that a fact cannot be or is genuinely disputed must support the motion by citing to particular parts of materials in the record, including . . . affidavits." F.R.C.P. 56(c)(1)(A). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." F.R.C.P. 56(e)(3).

In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings  . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (internal quotations and citations omitted). If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See id., 477 U.S. at 325, 106 S.Ct. at 2554; see

Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d at 1075.

Additionally, in deciding a summary judgment motion, courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is when both parties have submitted evidence of contradictory facts." Id. Courts "do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id.

**II.  Analysis.**

Again, Jackson's allegations are somewhat vague. It appears she contends that the Housing Authority (1) illegally paid rent subsidies to Defendant Lake Community Development Corporation ("LCDC") for her home located at 2080 Mattie Street, Shreveport, LA 71107; (2) did not treat her in accordance with its own standards; and (3) should have informed her of potential for housing assistance after she was evacuated from New Orleans due to Hurricane Katrina. The Housing Authority disputes each of Jackson's allegations. It further argues that Jackson is unable to carry her burden of going beyond the pleadings and designating specific facts that prove genuine issues of material fact exist.

In support of its summary judgment motion, the Housing Authority submitted the affidavit of Richard Herrington, Jr. ("Herrington"), the Executive Director of the Housing Authority. See Record Document 38-4 at ¶ 3. Herrington stated that "in connection with

his position with the Housing Authority, he is familiar with the tenants and landlords that comprise the Section 8 housing assistance program in Shreveport and has access to all records and files regarding same." Id. at ¶ 5.

Herrigton's affidavit sets forth the Housing Authority's function in Shreveport's housing assistance program, explaining:

> In order to qualify for the Section 8 housing program, both prospective tenants and landlords must formalize a relationship with the Housing Authority. Specifically, the tenant must complete an application . . . and the landlord must enter into a written contract with the Housing Authority.

Id. at ¶ 6. Herrington then attested that Jackson has never completed an application for inclusion in the Section 8 housing program in Shreveport, that the LCDC is not enrolled as a landlord in the Section 8 housing program in Shreveport, and that the Mattie Street residence at issue in this case is not enrolled in the Section 8 housing program in Shreveport. See id. at ¶¶ 7-9. Herrington stated in his affidavit that the Housing Authority has no relationship with Jackson, LCDC, or the Mattie Street residence. See id. at ¶ 10. Further, he attested that the Housing Authority never issued any subsidy payment in connection with the Mattie Street residence or in connection with any tenancy of Jackson. See id. at ¶ 11. Finally, Herrington stated that "[t]he Housing Authority is under no duty or obligation to market or advertise the availability of housing assistance." Id. at ¶ 12. He explained that "after Hurricane Katrina, that obligation was assumed by the [FEMA]." Id.

Herrington's affidavit easily satisfies the Housing Authority's initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553

(U.S. 1986). Thus, the Court must now consider Jackson's response. See Record Document 40.

Jackson's response seems to assert more allegations against other named defendants and parties that have not been named in the instant action, rather than solidifying her claims against the Housing Authority. She repeatedly references FEMA and HUD and outlines alleged acts of misconduct on the part of these two agencies. Yet, she has failed to establish how the Housing Authority is responsible for the actions of FEMA and/or HUD.

Jackson attached the "Written Statement of Milan Ozdinec, Deputy Assistant Secretary, Office of Public Housing and Voucher Programs, U.S. Department of Housing and Urban Development" to her response. Yet, she has not established how such statement is competent summary judgment evidence under Rule 56. Jackson has simply failed to dispute the facts set forth in Herrington's affidavit. Therefore, the undisputed facts show that the Housing Authority has no connection to the claims asserted by Jackson in this lawsuit. The Housing Authority's Rule 56 Motion for Summary Judgment is **GRANTED**. All of Jackson's claims against the Housing Authority are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

The Housing Authority met its initial Rule 56 burden by submitting Herrington's affidavit, which establishes no relationship between the Housing Authority and Jackson, the LCDC, and/or the Mattie Street residence. Conversely, Jackson failed to go beyond the pleadings and designate specific facts proving a genuine issue of material fact

exists. Her opposition was nothing more than conclusory allegations and unsubstantiated assertions.

Accordingly, the Housing Authority's Rule 56 Motion for Summary Judgment (Record Document 38) is **GRANTED**. All of Jackson's claims against the Housing Authority are **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of August, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE