UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BARBARA JACKSON | CIVIL ACTION NO. 13-2247 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PITTRE WALKER, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 52) filed by Defendants Pittre Walker, Dennis Everett, Sr., Herman Washington, Derrick Thomas, and Lake Community Development Corporation. Defendants argue that Plaintiff Barbara Jackson ("Jackson") has not provided sufficient facts to state a plausible claim that Defendants violated any provision of the Fair Housing Act or discriminated against her in any way because of her religion. See id. Thus, Defendants seek dismissal of all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. Jackson has not opposed the instant motion. For the reasons which follow, Defendants' Rule 12(b)(6) motion is **GRANTED**, and all of Jackson's claims against the remaining Defendants are **DISMISSED WITH PREJUDICE**.

**FACTUAL BACKGROUND**

Jackson is a Hurricane Katrina evacuee. See Record Document 6 (Amended Complaint) at ¶ 1. No later than September 2008, Jackson was living in Shreveport, Louisiana. See id. at ¶ 4. Jackson alleges that she was employed, or "led . . . to believe she was employed," with Lake Bethlehem Baptist Church ("LBBC"). Id. at ¶4. Reverend Dennis Everett, Sr. ("Rev. Everett") is the pastor of LBBC.

Jackson alleged she was "induced" by Rev. Everett to move into a house on Mattie Street in Shreveport, Louisiana. Id. at ¶ 23. She believed this house was for

evacuees. Jackson was told she would begin paying $600 monthly rent after six months, with the first six months being rent free. See id. Jackson alleges that though her employment with the LBBC went well for a short time, her relationship with the church, the pastor, and its members soon soured, despite her hard work in the course of her employment. See id. at ¶¶ 23-25. Jackson continues to live in the house on Mattie Street.

Jackson filed the instant suit on July 8, 2013. See Record Document 1. She then amended her complaint on October 4, 2013. See Record Document 6. Jackson brought her action "pursuant to the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3617, et seq." Id. at ¶ 14. She seeks money damages, arguing that Defendants discriminated against her based on her religion in violation of the Fair Housing Act. Specifically, Jackson's claims against the remaining Defendants can be summarized as follows:

- Defendants failed to advise her of certain federal programs;

- Defendants operated their non-profit entities in a fraudulent manner;

- Defendants violated the specific provisions of 42 U.S.C. § 3604 and/or 42 U.S.C. § 3617 by discriminating against Jackson because of her religion or failing to protect her from harassment by church members; and

- Defendants failed to satisfactorily meet Jackson's demands resulting in an alleged prolonged quarrel or difference of opinion between Jackson, Defendants, and members of LBBC.

See generally Record Document 6.

On October 22, 2014, Defendants filed a Rule 12(b)(6) motion to dismiss, arguing Jackson's unfounded allegations and legal conclusions masquerading as facts

are not sufficient to support a cause of action under the Fair Housing Act. Defendants contend:

- Jackson has failed to identify any affirmative legal duty Defendants owed under the Fair Housing Act in which they failed to perform; and

- Irrespective of any disagreements between Jackson, Defendants and LBBC members, Jackson has failed to allege sufficient facts demonstrating beyond a speculative level a plausible claim that she was discriminated against in the rental of the Mattie Street house because of her membership in a protected class.

Record Document 52-1 at 3. On October 27, 2014, the Clerk of Court entered a Notice of Motion Setting, stating that "[a]ny party who opposes the [Rule 12(b)(6)] motion may file a memorandum in opposition within fourteen (14) calendar days from the date of this notice." Record Document 55. To date, Jackson has filed no opposition.

## LAW AND ANALYSIS

### I. Rule 12(b)(6) Standard.

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." The Iqbal court explained:

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 678-679, 129 S. Ct. at 1949-1950 (internal citations and quotations omitted).

**II.    Analysis.**

Defendants seek dismissal of Jackson's claims on two grounds. First, they argue that Jackson has not identified any legal duty owed under the Fair Housing Act that they failed to perform. Second, they contend that Jackson has failed to allege sufficient facts

to state a claim of discrimination against her in the rental and occupancy of the Mattie Street house. The Court will examine each ground separately.

### A. Affirmative Legal Duties under the Fair Housing Act.

Jackson argues that Defendants violated the Fair Housing Act by failing to advise her of certain federal assistance programs, operating their non-profit entities in a fraudulent matter, and failing to meet her demands resulting in a prolonged quarrel or difference of opinion between her, Defendants, and members of LBBC. These allegations fail to state a claim upon which relief can be granted under the Fair Housing Act, as the statute is not a general statute that governs the conduct of private individuals unrelated to discriminatory housing practices.

The Fair Housing Act expressly prohibits discrimination in the rental of a dwelling on the basis of race, color, religion, sex, familial status, or national origin. See 42 U.S.C. § 3604(a). The statute further prohibits discrimination in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. See 42 U.S.C. § 3604(b). As evidenced by the plain language of the statute, it does not create a cause of action or a duty upon a landlord which is not related to discrimination based on one's status in a certain protected class.

The Court believes Jackson is attempting to expand the scope of the statute to place additional duties upon Defendants. However, there is no provision in the Fair Housing Act requiring Defendants to provide Jackson with information about federal, state, and/or local governmental assistance programs. Likewise, Jackson has failed to assert a cognizable claim that Defendants' alleged fraudulent activity in operating their

non-profits violated a duty under the Fair Housing Act. The actions complained of, such as being behind on taxes, backdating leases, and not requiring proof of income, do not violate a specific provision of the Fair Housing Act and have nothing to do with whether Jackson was discriminated against with respect to the terms or conditions of her dwelling based on her religion or membership in any other protected class.

Finally, the Fair Housing Act does not require a harmonious relationship between landlord and tenant. Jackson's allegations relating to the alleged unanswered demands and quarrels between her and Defendants are not linked to the Fair Housing Act and whether Defendants purposely interfered with her ability to gain housing based on her membership in a protected class. Simply put, Jackson's allegations relating to her job, her salary, her laptop, her being berated and treated like an idiot, the church members' gossip about her, and the insults she suffered do not relate to any "terms, conditions, or privileges" connected to Jackson gaining housing or her exercise of a right protected under the Fair Housing Act. Accordingly, Jackson's allegations that Defendants violated the Fair Housing Act by failing to provide information regarding available assistance programs, engaging in fraud, and/or disagreeing/quarreling with Jackson fail to state a claim upon which relief can be granted and the Rule 12(b)(6) motion as to these claims is **GRANTED**.

      **B.    Alleged Discrimination Relating to the Rental of the Mattie Street House.**

The Fair Housing Act includes provisions which make it unlawful to engage in discriminatory housing practices or infringe upon ones right to buy or rent housing based on his/her religion. See 42 U.S.C. § 3601, *et seq.* Jackson has alleged that

Defendants violated the specific provisions of 42 U.S.C. § 3604 and/or 42 U.S.C. § 3617 by discriminating against her in relation to her rental and occupancy of the Mattie Street house because of her religion. The applicable provisions of Section 3604 are subparts (a) and (B), both of which have been discussed *supra*. Section 3617 provides, in pertinent part, that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section . . . 3604."

Section 3604(a)

Under Section 3604(a), Jackson must show that Defendants refused to sell or rent to her after the making of a bona fide offer, or refused to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to her and that this refusal to rent or negotiate was because of her religion. Here, Jackson has not alleged that Defendants refused to rent or negotiate for rental of the Mattie Street house based on her religion. In fact, she continues to rent the house on Mattie Street. Thus, Jackson has failed to state a claim under Section 3604(a)[1] and the Rule 12(b)(6) is, therefore, **GRANTED** as to Jackson's Section 3604(a) claims.

---

[1] Jackson may be attempting to argue that Defendants' actions made her house uninhabitable and thus "unavailable" under Section 3604(a). Federal courts have held that acts that affect only the habitability of the dwelling, but do not rise to the level of constructive eviction, do not make a dwelling unavailable as contemplated by Section 3604(a). See Terry v. Inocencio, No. 3:11-CV-0660-K-BK, 2014 WL 4686570, at *6 (N.D. Tex. Sept. 2, 2014), *report and recommendation adopted*, No. 3:11-CV-0660-K-BK, 2014 WL 4704629 (N.D. Tex. Sept. 22, 2014).

Section 3604(b)

Section 3604(b) prohibits discrimination in the "terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . religion . . . ." 42 U.S.C. § 3604(b). To state a claim under Section 3604(b), Jackson must provide direct evidence of religious discrimination in the terms, conditions, or privileges of the rental of the dwelling or she must make a *prima facie* case of religious discrimination by demonstrating: (1) she is a member of a protected class; (2) she was qualified to receive services from Defendants; (3) Defendants denied her the services for which she was qualified; and (4) Defendants provided the services they denied her to a similarly situated party during a period relatively near the time she was denied the services. See Cox v. Phase III, Investments, No. CIV.A. H-12-3500, 2013 WL 3110218, at *8 (S.D. Tex. June 14, 2013).

Jackson has failed to state a claim upon which relief can be granted under Section 3604(b). First, Jackson has not pled sufficient facts demonstrating beyond the speculative level that she was qualified to receive a certain service/amenity which she did not receive, that Defendants actually denied her that service/amenity, and that Defendants then provided the same service/amenity to a similarly situated party. Additionally, Jackson has failed to provide factual evidence establishing that it is plausible that any discrimination that she claims to have suffered in violation of Section 3604(b) was because of her religion. See 42 U.S.C. § 3604(b); see also Cox, 2013 WL 3110218, at *10 ("[Plaintiff] must plead facts demonstrating racial discrimination attributable to specific Defendants, identifying who did what, under the FHA"). Even if

this Court assumes that Jackson was treated less favorably with respect to the terms and conditions of her rental agreement or services/amenities provided, she has not pled sufficient facts indicating that the alleged discriminatory treatment was because of her religion. It appears that Jackson and the remaining individual defendants are of the same religion. Additionally, Jackson's factual allegations indicate that Defendants went to great lengths to accommodate her by doing such acts as reducing rent, ignoring unpaid rent, and allowing her to perform services at the church in lieu of rent. Jackson has simply failed to provide the factual basis to support her claim that her religion was the basis of any alleged mistreatment. The Rule 12(b)(6) is, therefore, **GRANTED** as to Jackson's Section 3604(b) claims, as she has not stated a plausible claim that she was provided services/amenities under less favorable circumstances due to her religion; that different lease terms were made available to her because of her religion; and/or that she was denied housing because of her religion.

Section 3617

Section 3617 makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section . . . 3604." 42 U.S.C. § 3617. "To prevail on a § 3617 claim, a plaintiff must show that (1) she is a protected individual under the [Fair Housing Act], (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the [Fair Housing Act], and (4) the defendants were motivated by an intent to discriminate."

Bloch v. Frischholz, 587 F.3d 771, 783 (7th Cir. 2009). The Court will focus on prongs three and four.

Jackson has not pled sufficient factual allegations that Defendants coerced, threatened, intimidated, or interfered with her on account of her protected activity under the Fair Housing Act. Even assuming Jackson's factual allegations to be true, they do not rise to the level of coercion, intimidation, threats, or interference envisioned by the Fair Housing Act. The intent of the Fair Housing Act is not "to convert every quarrel among neighbors in which a racial or religious slur is hurled into a federal case." Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n, 388 F.3d 327, 330 (7th Cir. 2004). Rather, the statute is meant to protect against "a pattern of harassment, invidiously motivated," not simple quarrels between neighbors or an isolated act of harassment by a landlord. See id.

Moreover, "the intimidation or coercion prohibited by § 3617 must bear some relationship to [Jackson's] exercise of housing rights protected by [the Fair Housing Act]." Thomas v. Miramar Lakes Homeowners Ass'n, No. 4:13-CV-1479, 2014 WL 3897809, at *6 (S.D. Tex. Aug. 6, 2014). Other than the fact that she lived in a rental house, Jackson has not identified the protected activity she was engaged in under the Fair Housing Act. Her complaint is comprised of general, conclusory allegations relating to her enjoyment of her status in the community and the church, not to the exercise of a specific right under the Fair Housing Act.

Additionally, Jackson has failed to plead sufficient non-conclusory facts to support the element requiring that she show Defendants were motivated by an intent to discriminate. As stated previously, it appears that Jackson and Defendants are of the

same religion. Jackson's conclusory allegations do not provide this Court with sufficient factual matter to make it plausible that Defendants intentionally took the actions alleged toward Jackson in order to interfere with her housing rights because of her religion. Jackson's factual allegations of religious discrimination are simply devoid of substance. She makes no allegation that Defendants used religious slurs or made any other derogatory or offensive comment about her religion. This Court, therefore, finds that Jackson has failed to state a claim under Section 3617 and the Rule 12(b)(6) motion is **GRANTED** as to these claims.

## CONCLUSION

Jackson's complaint and amended complaint fail to state a claim upon which relief can be granted for a violation of the Fair Housing Act. Her factual allegations are insufficient to make it plausible that she was discriminated against because of her religion. Accordingly, Defendants' Rule 12(b)(6) Motion to Dismiss (Record Document 52) is **GRANTED**. All of Jackson's claims against the remaining Defendants are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of June, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE