UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BARBARA JACKSON                                    CIVIL ACTION NO. 13-2247

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

PITTRE WALKER, ET AL.                              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court are two motions filed by *pro se* plaintiff Barbara Jackson ("Jackson"). The first is Jackson's "Rule 59 Motion for New Trial on Recusal of Judge Samuel Maury Hicks, Magistrate Judge Mark L. Hornsby, Judge Carl Stewart; Vacate Tainted Orders and Judgments Entered Through Fraud." Record Document 61. The second is Jackson's "Motions to Strike Cook Yancey, et al's Opposition to Plaintiff's Request for New Trial; and for Ruling on October 6, 2014 Rule 55(b)(2) Motion; and Alternatively for Extension of Time to File Reply Memorandum." Record Document 64. Defendants have opposed both motions. See Record Documents 63 & 67. For the reasons set forth below, Jackson's motions are **DENIED**.

Motion to Strike, for Ruling on October 6, 2014 Rule 55(b)(2) Motion, & for Extension of Time to File Reply Memorandum

The basis of Jackson's Motion to Strike is unclear, but it appears she is challenging the January 21, 2014 Electronic Order of Magistrate Judge Mark Hornsby. See Record Document 31. Jackson contends that such order is a "fraudulent alleged electronic order." Record Document 64 at 3. She further maintains that the Magistrate Judge "utilize[d] judicial authority to favor Cook, Yancey with a purported electronic order." Id.

The Court finds Jackson's motion to be frivolous. Her allegations of fraud are unsupported, as her only "evidence" is her self-serving conclusory accusations against court staff and/or Cook, Yancey, King & Galloway. Additionally, she has cited no legal

authority to support her position that a Magistrate Judge is forbidden from entering electronic orders. The Court further denies Jackson's request for additional time to file a reply brief, as this Court does not believe it would benefit from further briefing on the issues presented and allowing additional time for Jackson to file a reply brief would not serve the interests of judicial economy.

Jackson also seeks a ruling on her October 6, 2014 Motion/Request for Entry of Default, which she contends was never ruled upon. See Record Document 64 at 4. Such motion was never ruled upon because the Clerk of Court issued a notice to Jackson on October 8, 2014, explaining that "Entry of Default cannot be entered as parties have filed an Answer in this case." Therefore, the Motion to Strike, for Ruling on October 6, 2014 Rule 55(b)(2) Motion, & for Extension of Time to File Reply Memorandum (Record Document 64) is **DENIED**.

Rule 59 Motion

On June 11, 2015, this Court entered a final judgment in this matter. See Record Document 60. Jackson appears to be seeking to alter or amend such judgment under Rule 59(e). A Rule 59(e) motion "calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir.2002). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet v. HydroChem, Inc., 367 F.3d 473, 478-479 (5th Cir. 2004). Instead, Rule 59(e) motions serve the narrow purpose of permitting a party to correct manifest errors of law or fact or to present newly discovered evidence. See id. at 479. "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). "Reconsideration of a

judgment after its entry is an extraordinary remedy that should be used sparingly." Id.

Jackson's Rule 59(e) motion does not present a manifest error of law or fact; newly discovered evidence; and/or an intervening change in the controlling law. She simply reurges and rehashes her unfounded and conclusory allegations of fraud against various parties, Magistrate Judge Hornsby, Clerk of Court staff, and the undersigned. This Court has previously addressed and dismissed similar types of allegations at least three times. See Record Documents 57, 58, 59, & 60. Accordingly, the Rule 59(e) motion (Record Document 61) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of October, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE